JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-00393-RGK-MAA | Date | January 19, 2021 |
|---|---|---|---|
| Title | *ANNA MICHELLE HAGEVOORT v. CARDINAL HEALTH INC., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

On December 7, 2020, Anna Michelle Hagevoort ("Plaintiff") filed a complaint against Cardinal Health, Inc., et al ("Defendants") alleging common law and state statutory claims based on Defendants' treatment of Plaintiff after she suffered a work-related injury.

On January 14, 2021, Defendants removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks general and specific damages, including punitive damages and attorneys' fees. In support of its removal, Defendant calculates that based on Plaintiff's hourly rate, her back pay to the date of removal, is $46,762.50. Defendant then states that a conservative estimate of one to two years front pay would total $33,530 to $76,080. Defendant concludes that these damages, alone, meet the jurisdictional minimum, without taking into account other damages that would arise from Plaintiff's allegations. Defendant also refers to medical expenses related to a claim that may or may not be alleged, and even if intended to be alleged, the adequacy of which is questionable.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00393-RGK-MAA | Date | January 19, 2021 |
|---|---|---|---|
| Title | *ANNA MICHELLE HAGEVOORT v. CARDINAL HEALTH INC., et al* | | |

     Upon review of Defendants' notice, however, the Court finds that Defendant has failed to plausibly allege that amount in controversy exceeds $75,000. With $46,762 as a starting point, and only speculative argument regarding front pay, emotional distress damages, punitive damages, and attorneys fees, Defendant does not meet the minimum amount in controversy.

     In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

     **IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____